[No. 1174, January 13, 1908.]

IN THE MATTER OF THE ESTATE OF MRS. J. E. L. GENTZ, Deceased, WILLIE E. GAMMON, Plaintiff in Error v. LOUIS W. GALLES, Defendant in Error.

SYLLABUS (BY THE COURT).

An appeal does not lie from a Probate Court to the District Court, except from a final order, decision or judgment.

In re Gentz v. Galles.

Error to the District Court for Sierra County, before FRANK W.. PARKER, Associate Justice. Affirmed.

A. B. ELLIOTT, for Plaintiff in Error.

Laws of 1907, ch. 81, sec. 40, gives right of appeal to District Court from any decision of the Probate Court whether final or interlocutory. Territory ex rel. Lee v. Hubbell, 9 N. M. 560-564, not controlling.

"When the intention of the Legislature is manifest there is no room for construction. Romero v. Railroad, 11 N. M. 687; Sedgwick on the Construction of Statutory and Constitutional Law, 179, 180, 219, 220; Ellis v. Paige et al, 1 Pick. 43; James v. Patten, 2 Shelden 9; Cortesy v. Territory, 7 N. M. 93, 96, U. S. v. Warner, 4 McLean 463; U. S. v. Bright, 5 McLean 178; Vatt Law of Nat. 244; Ruggles v. Illinois, 108 U. S. 534.

MARK B. THOMPSON. for Defendant in Error.

OPINION OF THE COURT.

MANN, J.—It is conceded by counsel for plaintiff in error, that the order from which plaintiff in error attempted to appeal to the District Court of Sierra County, was merely an interlocutory order, but counsel contends that under Sec. 40, Chap. 81, Session Laws 1901, appeals from such orders were authorized by the Legislature.

Prior to the enactment of Chapter 81 *supra,* this court held in the case of the Territory, ex rel, Lee v. Hubbell, 9 N. M. 560, that an appeal did not lie from a merely interlocutory order of the Probate Court and such is still undoubtedly the law, unless there is an express statutory authority for such appeals.

Sec. 40, Chap. 81, S. L. 1901, reads as follows: "That any person aggrieved by any decision of any Probate Court of any county in this Territory, may appeal to the District Court of the county in which such decision may be rendered, by filing within ninety days of the rendering of any such decision with the clerk of such Probate Court a motion praying such appeal and a bond, with two or more sureties, conditioned that such appellant shall prosecute his said appeal with diligence and effect, and pay all costs of such appeal as shall lawfully be adjudged against him;

and thereupon it shall be the duty of such Probate Clerk to prepare and forthwith transmit to the District Court of said county all such papers and copies of all such records as such appellant shall in writing designate as necessary to be considered upon said appeal, and upon the receipt of the clerk of said District Court of said papers from said Probate Clerk, the clerk of said District Court shall docket said appeal and papers as a cause in said District Court and thereafter said appeal, so docketed as aforesaid shall be tried *De Novo* and determined in said District Court as other causes are therein tried and determined: PROVIDED, that this section shall not affect any proceeding or proceedings now provided by law for the review in the District Court of any decision of any Probate Court upon the approval or disapproval of any last will or testament."

"In some jurisdictions appeals from enumerated interlocutory orders are authorized by statute, but as such appeals are the creation of statute, they cannot be extended by implication and will only lie when expressly authorized," 2 Cyc. 591, and cases cited; Sutherland on Statutory Construction, Secs. 393 and 394.

It will be observed that the statute in question does not enumerate any interlocutory orders or decisions of the Probate Court from which appeals may be taken, but merely provides that any person aggrieved by any decision of any Probate Court in any county, may appeal to the District Court of the county in which the decision is rendered by following the regulations therein laid down. Nowhere in the statute does it appear that the Legislature had in mind an enlargement of the appellate jurisdiction of the District Courts to include interlocutory orders or decisions of the Probate Court; in fact it affirmatively appears that only a regulation of the mode of taking appeals was being provided. Already the District Court had appellate jurisdiction over the Probate Courts under Section 900, C. L. 1897, and this act (Sec. 40, Chap. 81, Laws of 1901), did not attempt to repeal Section 900, C. L., but merely provided a method of taking the appeals therein provided for and under which this court had held in Territory ex rel., Lee v. Hubbell, *supra*, that appeals from interlocutory

orders of Probate Courts, did not lie. It was said in Northpoint C. I. Co. v. Utah and Salt Lake Canal Co., 46 Pac. 824, and quoted by this court with approval in Jung v. Meyer, 11 N. M. 378: "It would be presuming too much to say that the framers of the Constitution were fearful that the Legislature would enact laws preventing appeals from final judgments and that, therefore, this provision was inserted giving a guarantee of the right of appeal from final judgments, thus leaving to the legislature the right to enact laws allowing appeals from interlocutory orders. *Especially is this so when we consider the fact that nearly every state in the Union allows appeal from final judgments and restricts or prohibits appeal from interlocutory orders as being against the policy of the law.* The framers of the Constitution could not have anticipated that the Legislature would do an unreasonable thing and thus take away the right of appeal from a final judgment when the right has grown to be almost inherent, and yet use words sufficient to authorize it to do that which in most states is considered questionable and by eminent writers to be against the policy of the law."

It will be observed that Sec. 3305 of the Compiled Laws providing for appeals from justices of the peace to the District Court, is in almost the identical language of the section in question. It reads that: "Any person aggrieved by any judgment rendered by any justice, may appeal, etc., to the District Court of the county where the same was rendered." Yet it would hardly be contended that an order of a justice of the peace dissolving an attachment or quashing a service, merely interlocutory in its nature, would be appealable under that Statute. True, Sec. 40, Chapter 81, Laws of 1901, uses the word "Decision," instead of judgment as in Sec. 3305, *supra,* but in the sense it is here used, the meaning is the same. 13 Cyc. 427 and cases cited. 1 Bouvier (Rawles Revision) 517.

The judgment of the District Court dismissing the appeal was right and is affirmed.