[S. F. No. 1330.    Department One.—September 2, 1898.]

HALE & NORCROSS SILVER MINING COMPANY et al.,
Respondents, v. M. W. FOX et al., Appellants.

APPEAL—PENDENCY OF MOTION TO DISMISS—SUPERSEDEAS.—Where
the question, whether an order appealed from is or is not appealable, cannot be determined by a mere inspection of the order, but involves a consideration of the merits of the appeal, it will not be determined in advance of the hearing of the appeal upon its merits. While a motion to dismiss the appeal is pending and undetermined, it is the duty of the superior court to refrain from enforcing the order, and a writ of *supersedeas* will be granted to prevent such enforcement.

MOTION in the Supreme Court for a writ of *supersedeas* to prevent the enforcement of an order vacating and setting aside a sale of certain shares of the capital stock of the plaintiff corporation, appealed from the Superior Court of the City and County of San Francisco. W. R. Daingerfield, Judge.

The facts are stated in the opinion of the court.

William T. Baggett, and E. S. Pillsbury, for Appellants.

Deal, Tauszky & Wells, for Respondents.

THE COURT.—Motion for a writ of *supersedeas*.

A motion heretofore made to dismiss the appeal in this cause, upon the ground that the order appealed from is not appealable, was continued until the hearing of the appeal upon its merits, for the reason that the motion could not be determined without an examination into the merits of the appeal. (*Hale etc. Min. Co. v. Fox*, 120 Cal. 261.) Thereafter, upon the superior court proceeding to enforce the order appealed from, the present motion for a *supersedeas* was made in behalf of the appellants, and was resisted at the hearing upon the ground that the order is not appealable, thus presenting the same question whose hearing had been continued

This question cannot be determined by a mere inspection of the order appealed from, but, as was held upon the former motion, involves the merits of the order and a judicial consideration of the facts and averments upon which the order was made. It

would, therefore, be in contravention of the practice of this court to determine the question in advance of the hearing of the appeal. If the order is appealable, the appeal deprived the superior court of the power to enforce it while the appeal is pending; and whether it is appealable is a question to be ultimately decided by this court, and is now pending here upon motion to dismiss; and while that motion is undetermined it is the duty of the superior court to refrain from its enforcement. (*Ruggles v. Superior Court*, 103 Cal. 125.)

The application for the writ is granted.