(November 18, 1908.)

## L. NORAH LOCKWOOD, as Administratrix, Respondent, v. STERLING FREEMAN et al., Appellants.

[98 Pac. 295.]

COMPLAINT—DEMURRER—APPROPRIATION OF WATER—MINING—IRRIGA-
TION—LICENSE FROM STATE ENGINEER.

1. *Held*, that the complaint stated a cause of action, and on the showing made, that the court did not err in granting an injunction.

2. When all of the water of a stream has been appropriated and put to a beneficial use, the state engineer cannot legally deprive the prior appropriator of such water by granting another and subsequent applicant a license to use the same to the injury of the first appropriator.

3. Vested rights to the use of water cannot be taken away, and the right to the use of such water granted to a subsequent locator by the state engineer.

(Syllabus by the court.)

APPEAL from the District Court of the Second Judicial District for Idaho County. Hon. Edgar C. Steele, Judge.

Action to determine the rights and priorities to the waters of Short's creek for mining and irrigation. Judgment for the plaintiff. *Affirmed.*

Jas. De Haven, and W. H. Casady, for Appellants.

It is not sufficient to allege in general terms that the injury is irreparable. That question is one for the court, and is to be determined from the facts stated by the complainant. (*Frink v. Stewart,* 94 N. C. 486; quoted in note to *Dudley v. Hurst,* 67 Md. 44, 1 Am. St. Rep. 378, 8 Atl. 901; *Real Del Monte Min. Co. v. Pond Min. Co.,* 23 Cal. 82; 22 Cyc. 929, and cases cited in note 38.)

W. N. Scales, for Respondent.

The law of 1903 provides that the license of the state engineer is simply *prima facie* evidence of a right, and does not in any manner affect vested rights. The prior appropriator has the title to the public waters of this state as against a subsequent appropriator of said waters. (*Drake v. Earhart,* 2 Ida. 750, 23 Pac. 541, and many other cases.) Injunction is the proper remedy, and under the facts in this case should have unquestionably been granted. (*Moe v. Hayes,* 10 Ida. 302, 77 Pac. 645; *Staples v. Rossi,* 7 Ida. 618, 65 Pac. 67; *Price v. Grice,* 10 Ida. 443, 79 Pac. 387; *Shields v. Johnson,* 10 Ida. 454, 79 Pac. 394.)

SULLIVAN, J.—This action was commenced to determine the priorities and rights of the several parties to the action, to the water of a small stream known as Short's creek, situated in Idaho county. The action was commenced May 14, 1907, and on June 22, 1907, an application was made for a restraining order to prevent the defendants from using the waters of said creek. Said application was granted and the restraining order issued. A motion was made to dissolve the restraining order, which application was denied. The defendants, Frank Freeman and R. P. Pinnell, filed their answer disclaiming any interest whatever in the waters of said creek. After the action was brought, the plaintiff, R. E. Lockwood, died, and L. Norah Lockwood, as administratrix of the estate, was substituted as plaintiff. The cause was thereafter tried and the court made its finding of facts and

conclusions of law and entered judgment in favor of the plaintiff, decreeing to her as administratrix of the estate of said Lockwood, the right to the use of all of the waters of said creek and enjoining the appellants and those under them to desist and refrain from using the waters of said creek, or any portion thereof. From that judgment this appeal was taken.

It appears that the appellants interposed a demurrer to the complaint, which was overruled by the court. The errors assigned go to the overruling of the demurrer and the denial of the motion to dissolve the injunction and the entering of the judgment in favor of the plaintiff.

The last assignment of error is based upon the insufficiency of the evidence to support the findings made by the court. The complaint clearly states a cause of action and the demurrer to it was properly overruled. A sufficient showing was made on the application for the injunction to warrant the court in issuing the writ. There was no error in granting the injunction.

The following facts were established by the evidence:

That respondent's grantors located the waters of said Short's creek for the purpose of working certain placer mines situated on said creek. It also appears from the evidence that said creek, during high-water season, contained from one to four hundred inches of water, which high water only lasted for a week or two during the spring of the year, and during the dry season, the evidence shows that the creek carried only about from twenty to forty or fifty inches of water; that it did not carry sufficient during the dry season to carry on the mining operations. It also appears that the predecessors of the plaintiff expended $10,000 in making a reservoir and ditches in order to increase the supply of water in said creek. It further appears that Lockwood's grantors had used the waters of said creek at various times for twenty or thirty years in placer mining and for the irrigation of an orchard, garden and hay land; that the orchard is from twenty to twenty-five years old. It also appears that said trees could not be grown without irrigation. The evidence

further shows that at times there was not a sufficient amount of water, with the additional supply obtained from the reservoir, to serve the purposes of plaintiff and his grantors. The evidence also shows that the defendants settled upon said land along said stream in March, 1905, and constructed a small irrigating ditch from said stream, whereby they irrigated several acres of land; that they made application to the state engineer for a permit to appropriate some of the water of said stream, which permit was finally granted.

Counsel for appellants appear to lay special stress upon the fact that the appellants received a license from the state engineer to appropriate water from said stream. There is nothing in that contention whatever, as it is clearly shown that all of the waters of said creek had been appropriated by the respondent and his grantors long before any license was applied for by the appellants from the state engineer. The state engineer has no authority to deprive a prior appropriator of water from any streams in this state and give it to any other person. Vested rights cannot thus be taken away.

Counsel argue that it appears from the evidence that respondent was not using and had not applied all of the waters of said creek to a beneficial use. The evidence clearly shows to the contrary. In fact, it shows that respondent and his predecessors could carry on their mining operations but a very few days in the year, and when they were irrigating their ground, there was not sufficient water to carry on the mining operations at all.

It was also urged that respondent has increased the area of his irrigated lands in the last few years, which we think he had a perfect right to do. The evidence also shows that he did not have sufficient water to properly irrigate all of the land that he had under cultivation.

It is clear from all of the evidence in the case that the respondent is entitled to all of the water in said creek, and that deceased and his predecessors have used the same for many years in mining and irrigation, and had done so for years before the appellants had settled on said creek.

It further appears that the appellants were advised at the time they settled on said creek that there was not sufficient water there for them; still they persisted in settling there, claiming that they thought they could get permission to use sufficient water with which to irrigate a garden.

We find no error in the record, and the judgment must therefore be affirmed, and it is so ordered, with costs in favor of the respondent.

Ailshie, C. J., and Stewart, J., concur.