[Civil No. 1340. Filed January 21, 1914.]

[138 Pac. 15.]

## H. D. HOEYE, Appellant, v. C. C. WILLIS, Appellee.

1. PUBLIC LANDS—ENTRY—TOWN SITE—TRUST—WHAT LAW GOVERNS. The trust imposed on a probate judge as entryman of a town site is created by the laws of the United States; but the execution of the trust is confided by those laws to the legislature of the state or territory in which the town may be situated.

2. APPEAL AND ERROR—RIGHT OF APPEAL—GRANT.—The right to appeal does not exist at common law, and, when it is neither given nor denied by the Constitution, it is within the discretion of the legislature to grant or take it away, to enlarge or circumscribe the remedy, and to specify the cases, and under what circumstances, and whence appeals may be taken.

XV Ariz.—17

3. PUBLIC LANDS—TOWN SITE—ENTRY—CONFLICTING CLAIMS—TRIAL—
APPEAL.—Constitution, article 6, section 6, provides that the superior
court shall have appellate jurisdiction in cases arising in justices'
and other inferior courts in their respective counties as may be
prescribed by law; and Civil Code of 1901, paragraph 4084, au-
thorizes an appeal from the decision of a town site trustee to any
court of record held in the county having jurisdiction to try title
to real estate "not presided over by such trustee." *Held,* that since,
on the admission of Arizona as a state, the judge of the superior
court became trustee of a town site previously entered by the pro-
bate judge of the county, no appeal lay from the decision of such
judge in a contest of conflicting claims to a lot in the town site to
the superior court, on theory that such court might be presided over
by another judge called in to hear such appeal.

APPEAL from a judgment of the Superior Court of the
County of Gila. A. G. McAlister, Judge. Affirmed.

The facts are stated in the opinion.

Messrs. Senner & Feier, for Appellant.

Mr. John H. Campbell, for Appellee.

FRANKLIN, C. J.—Before the admission of Arizona as a
state, the probate judge of Gila county, Arizona, initiated pro-
ceedings under the laws of the United States to enter the un-
incorporated town of Winkelman as a town site. While the
matter of the entry was pending, Arizona became a state,
and, the judge of the superior court for Gila county being
substituted as appellant, the title to the town site was issued
to him, as trustee, for the several use and benefit of the occu-
pants thereof. The parties to this appeal, asserting conflict-
ing claims to a lot, or portion thereof, situated within the
boundaries of the town site, had in due course a hearing before
Hon. G. W. Shute, judge of the superior court of Gila county,
acting as trustee. Judge Shute decided the conflict against
the claims of Mr. Hoeye, the appellant, who thereupon prose-
cuted an appeal to the superior court of Gila county. Hon.
A. G. McAlister, judge of the superior court for Graham
county, was called to sit in the superior court for Gila county
in the place of Judge Shute, and on a hearing the appeal was
dismissed for want of jurisdiction.

Is there a right of appeal given to the superior court from the decision of a judge of the superior court when such judge is acting as trustee under the town site laws? This is the only question presented.

Section 2387 of the Revised Statutes of the United States (U. S. Comp. Stats. 1901, p. 1457) is as follows: "Whenever any portion of the public lands have been or may be settled upon and occupied as a town site, not subject to entry under the agricultural pre-emption laws, it is lawful, in case such town be incorporated, for the corporate authorities thereof, and, if not incorporated, for the judge of the county court for the county in which such town is situated, to enter at the proper land office, and at the minimum price, the land so settled and occupied in trust for the several use and benefit of the occupants thereof, according to their respective interests; the execution of which trust, as to the disposal of lots in such town, and the proceeds of the sales thereof, to be conducted under such regulations as may be prescribed by the legislative authority of the state or territory, in which the same may be situated."

We perceive that such trust is created by the laws of the United States, but that the execution of the trust is confided by those laws to the legislative authority of the state or territory in which the town may be situated. Title 70 of the Revised Statutes of 1901 regulates the execution of this trust, and in paragraph 4084 is found the only provision for an appeal from a decision of the town site trustee, which says: "An appeal may be taken by any claimant from the decision of the trustee on any matter contested before him at any time within ten days from notice of the recording of the decision, to any court of record held in the county having jurisdiction to try the title to real estate, not presided over by such trustee; and shall be taken by commencing an action in the appellate court to determine the appellant's right to a deed and determine all other matters contested before the trustee, and by serving notice of the commencement of such action on the trustee."

The right to an appeal does not exist at common law. It has its origin in the Constitution or in the statute. When the right is neither given nor denied by the Constitution, it is then within the discretion of the legislative authority to

grant it or take it away, to enlarge or circumscribe the remedy, and to say in what cases, and under what circumstances, and whence appeals may be taken. *Levy* v. *Stofella,* 14 Ariz. 262, 127 Pac. 725; *Miami Copper Co.* v. *Strohl,* 14 Ariz. 410, 130 Pac. 605; *McClain* v. *Williams,* 10 S. D. 332, 43 L. R. A 287, 289, 73 N. W. 72; *Sullivan* v. *Haug,* 82 Mich. 548, 10 L. R. A. 263, 46 N. W. 795; 2 Cyc. 517.

The superior court is essentially a court of original jurisdiction; but the Constitution has made provision for an appellate jurisdiction in that court as follows: "Said courts shall have such appellate jurisdiction in cases arising in justices' and other inferior courts in their respective counties as may be prescribed by law." Ariz. Const., art. 6, sec. 6.

Paragraph 4084 of the Revised Statutes of Arizona of 1901, provides for an appeal from the decision of a town site trustee "to any court of record held in the county having jurisdiction to try the title to real estate, *not presided over by such trustee.*" Under the territorial form of government the probate judge of the county was the town site trustee. It was not a qualification for holding the office of probate judge that such officer be learned in the law. The office was frequently held by men of conspicuous ability; but in many cases they did not possess the learning in the law necessary for admission to the bar. Having a court of general jurisdiction within the county, with power to try title to real estate, and one *not presided over by such trustee,* it was thought proper by the legislature to give the right of appeal from the decision of the trustee to such a court. Since the admission of Arizona to statehood, the judge of the superior court is the town site trustee. The only court of record held in Gila county having jurisdiction to try title to real estate is now presided over by such judge (trustee), and it must necessarily follow that there is now no court in existence such as is described in the statute. But it is suggested by appellant that a judge of the superior court of another county should be called in, suiting thereby the "action to the word," and thus getting adaptation of the parts in a reconciliation of the statute. Such a course, however, is confuted by the statute which does not grant the right upon such a contingency, nor comprehend any such arrangement. We do not seriously meditate that it is our duty to read into the statute

a matter entirely neglected, and by a forced construction give, in effect, the right to an appeal from the decision of one judge of the superior court to another judge of the superior court—co-ordinate officers of the judiciary, one of equal rank and authority with the other.

Under the Constitution no person is eligible for the office of judge of the superior court, unless he shall be learned in the law, at least twenty-five years of age, and shall have been admitted to practice before the highest court of Arizona for at least two years, and shall have been a resident of Arizona for two years next preceding his election. Ariz. Const., art. 6, sec. 13.

It may well be assumed that the law-making power had in mind these qualifications of the town site trustee when it failed to preserve the right of appeal from his decisions; that it considered such judicial officer amply capable of deciding all questions arising in the execution of the trust reposed in him by the law. But, whether or not it was an oversight in failing to grant the right of appeal in such case, it is sufficient that the right has not been given. This court is but the administrator, not the maker of the law.

It is asserted by appellant that, if the right of appeal in such cases be denied, there will often be a disposition to abuse the power vested. There is always a possibility of the abuse of power wherever it is given without the right of appeal; but that it is so given in certain cases is common to all forms of government. The nature of mankind is such, nevertheless, that their dispositions incline men to believe it is much safer to expound the laws than to be exposed to them. However, the remedy, if any, in the case before us must be sought otherwise than through an appeal.

The superior court had no jurisdiction, and its judgment in dismissing the appeal is correct.

Affirmed.

CUNNINGHAM and ROSS, JJ., concur.