[L. A. No. 8910. Department Two.—December 24, 1927.]

G. V. LEMEN et al., Appellants, v. J. A. EDMUNSON, Respondent.

[1] REAL ESTATE BROKERS' ACT—REVOCATION OF BROKER'S LICENSE—APPEAL—STAY—CONSTITUTIONAL LAW.—Section 12 of the Real Estate Brokers' Act (Stats. 1919, p. 1252), providing for an appeal to the superior court from an order of the real estate commissioner revoking a broker's license and for a stay of the order pending the. appeal, is unconstitutional, and where real estate brokers entered into a contract for a commission for the sale of real estate after the revocation of their license and pending an appeal from the order to the superior court, they cannot recover on the contract.

[2] COURTS—APPELLATE JURISDICTION—CONSTRUCTION OF CONSTITUTION.—The constitution of the state, article VI, section 5, fixes the appellate jurisdiction of the superior court and the legislature can neither extend nor restrict it; and an appeal to the superior court, when provided for by the legislature, can only be from a court—either a justice or inferior court—and as the real estate commissioner is not a court, provision for an appeal from his decision revoking a broker's license is a nullity.

(1) 9 C. J., p. 565, n. 53; 12 C. J., p. 816, n. 2.    (2) 3 C. J., p. 374, n. 63.

2.  See 7 Cal. Jur. 700; Cal. Jur. 1926 Supp. 525.

APPEAL from a judgment of the Superior Court of Los Angeles County.  Victor R. McLucas, Judge.  Affirmed.

The facts are stated in the opinion of the court.

George E. Clifford for Appellants.

Dailey S. Stafford and Frank G. Falloon for Respondent.

SHENK, J.—This is an appeal from a judgment for the defendant in an action brought by plaintiffs for a commission alleged to have been earned by them in negotiating a sale of real property for the defendant.  The amended complaint alleged that plaintiffs were duly licensed real estate brokers in the county of Los Angeles; that on October 26, 1923, they entered into a contract with the defendant wherein and whereby the defendant agreed to pay them a commission in the event of the sale by them of certain of the defendant's property described in the contract; that on November 3, 1923, the plaintiffs effected the sale for which the commission is claimed and that the commission has not been paid.  In his answer the defendant, among other things, denied that plaintiffs were duly licensed real estate brokers and alleged affirmatively that plaintiffs' licenses had been revoked by the real estate commissioner.  At the trial, by an agreed stipulation of facts, it appeared that plaintiffs had been duly licensed real estate brokers; that prior to the making of the contract which is the subject of the present controversy, the plaintiffs' licenses had been revoked by the real estate commissioner; that subsequently and within the time provided by section 12, chapter 605, statutes of 1919 (Stats. 1919, p. 1252), and pursuant to the provisions of that section, plaintiffs appealed to the superior court in and for Los Angeles County from the order of revocation; that during the pendency of the appeal the contract sued on was made, and the negotiations and sale of real property, if any were entered into and consummated, were completed in accordance with the terms of the contract; and that the appeal was subsequently dismissed by the superior court on the ground that it had no jurisdiction to entertain the appeal.  On this stipulation of facts, the preliminary issue as to whether plaintiffs were duly licensed real estate brokers at the time of the contract and alleged

sale was submitted to the trial court; and from its judgment thereupon made and entered in favor of the defendant, the plaintiffs have brought this appeal.

[1] Appellants contend that, inasmuch as section 12 of the statute referred to provides for an appeal from the order of the commissioner revoking a license and also provides for a stay of the order pending the appeal, their licenses remained unrevoked until the appeal was dismissed by the superior court. So far as material here that section provides: " . . . The decision of the said commissioner in suspending or revóking any license under this act shall be subject to review in accordance with the provisions of chapter one of title one of part three of the Code of Civil Procedure; and any party aggrieved by such decision of the commissioner may within ten days from the date of said decision appeal therefrom to the superior court of the state of California, in and for the county in which the person affected by such decision resides or has his place of business. . . .

"The decision of the commissioner shall not take effect until ten days after its date, and if notice of appeal and demand for transcript are served upon the commissioner in accordance with the provisions of this section, then such stay shall remain in full force and effect until decision upon appeal by said superior court. . . . "

[2] The appellants' contention is without support in the authorities. The constitution of the state, article VI, section 5, fixes the appellate jurisdiction of the superior court. Such jurisdiction comes from the constitution and not from the statute and the legislature can neither extend nor restrict it. (*Millsap* v. *Alderson,* 65 Cal. App. 518, at p. 532 [219 Pac. 469]; citing *Chinn* v. *Superior Court,* 156 Cal. 478 [105 Pac. 580].) The language of the concurring opinion of Paterson, J., in the case of *Tyler* v. *Presley,* 72 Cal. 290, at p. 293 [13 Pac. 856], relied upon by the appellants, has no bearing on this case, for the reason that the order sought to be stayed in that case was made by the supreme court in proceedings to disbar an attorney and the question of a stay arose on an application for a writ of mandate. The case of *People* v. *Center,* 54 Cal. 236, also relied upon by appellants, is not in point because there the appeal was from the superior court to the supreme court.

Appellants urge further that even if the statute providing for an appeal to the superior court be unconstitutional, the proceedings in the superior court were in effect a trial *de novo*, because evidence may be received by the court, and cites *United States* v. *Ritchie*, 17 How. (U. S.) 525 [15 L. Ed. 236, see, also, Rose's U. S. Notes]. The language of said section 12 limiting the action of the superior court to a consideration and determination of the question only whether there has been an abuse of discretion on the part of the commissioner in making his orders is clearly an attempt to give to the superior court appellate jurisdiction over the orders of the real estate commissioner. "While it is true that under the constitutional provision conferring appellate jurisdiction upon the superior courts the matters to which that jurisdiction on appeal shall pertain—to what extent and in what manner the proceedings or action of justices' or inferior courts may be reviewed—is not provided for, but is left solely to the determination of the legislature, still an express limitation is imposed as to the character of tribunals whose proceedings may be reviewed in the exercise of its appellate jurisdiction, and it can be exercised in case of appeals from 'justices' or 'inferior courts' only. All the authority that is given to the legislature under the constitutional provision last referred to, is to provide the method and extent to which an appeal from these courts may be taken. It has no power to enlarge the tribunals from which it may be taken, because the constitutional provision has expressly declared of what those shall consist. The appeal to the superior court, when provided for by the legislature, can only be from a court—either a justice or inferior court—and the right of appeal cannot be given from any other tribunal." (*Chinn* v. *Superior Court, supra.*) The real estate commissioner is not such a court. (*Brechen* v. *Riley,* 187 Cal. 121, 125 [200 Pac. 1042].) The appeal being a nullity there was no stay of the order by the purported appeal. (See 2 Cal. Jur., p. 424, and cases cited.)

Appellant calls attention to the case of *Hale & Norcross Silver Min. Co.* v. *Fox,* 122 Cal. 56 [54 Pac. 270], and contends that because the superior court in the present case was forced to entertain the appeal on the question of jurisdiction, the order of revocation was stayed. In the Hale & Norcross case, however, the appeal was from the superior court, a

tribunal from which an appeal would lie in proper cases, and a writ of *supersedeas* was issued pending a determination of the appealability of the order appealed from. The case is not in point.

The judgment is affirmed.

Richards, J., and Langdon, J., concurred.