173 P.2d 79

**BEACH et al. v. SUPERIOR COURT OF APACHE COUNTY et al.**

No. 4933.

Supreme Court of Arizona.

Sept. 30, 1946.

376

John L. Sullivan, Atty. Gen., and John W. Rood, Chief Asst. Atty. Gen., for petitioners.

Scott & Green, of Phœnix, for respondents.

LaPRADE, Judge.

This is an original proceeding in this court by the Arizona Game and Fish Commission appearing by its members and O. C. Williams, State Land Commissioner, against the Superior Court of Apache County and Levi S. Udall as judge thereof, asking that this court prohibit the Honorable Levi S. Udall from proceeding further in the matter of a certain appeal now pending in his court, and prohibit the said Levi S. Udall from assuming jurisdiction and attempting to hear and determine the matters purportedly at issue in said appeal.

The facts necessary for determination of this proceeding are not in dispute and may be stated as follows: The petitioners, under the provisions of Section 75-105, A. C.A.1939, made application to O. C. Williams, state land commissioner, for the construction of a reservoir and dam and a permit to appropriate certain waters of

a stream in Apache County known as Big Lake Creek for "recreational and wild life purposes." At a hearing to determine whether the permit should issue the Salt River Valley Water Users' Association appeared and objected to the granting of any permit upon the ground that it had, long prior to the filing of the application, acquired a vested right in and to the use of all of the waters of said creek by prior appropriation and continued beneficial use. The land commissioner approved the application and granted the permit. The Association filed its notice of appeal from the order of the land commissioner. This was filed in the Superior Court of Apache County, the appellant Water Users alleging that it was a person whose rights were affected by the decision and order and that it had a right to appeal under the provisions of Section 75-113, A.C.A. 1939, which, in part, provided that "An applicant, or any person whose rights are affected by the decision of the commissioner, may appeal to the superior court of the county in which the water proposed to be diverted is situate, which court may modify the decisions of the commissioner if he has abused his authority. * * *" The petitioners appeared in the Superior Court and filed their motion to dismiss the appeal, objecting to the jurisdiction of the Superior Court of Apache County to consider the appeal upon the grounds and for the asserted reason that the court had no jurisdiction of the subject matter of the action nor the parties thereto. They contended that the Water Users' Association is not a person whose rights were affected by the decision of the land commissioner, and not being such a person it was without right to appeal to the Superior Court; that the subject matter of the appeal was not a matter over which the land commissioner had jurisdiction; and, as a consequence, the Superior Court had no jurisdiction on appeal from the commissioner. The Judge of the Superior Court refused to dismiss the appeal and decided that the court had jurisdiction, and proposed to set the cause for trial and hearing and determine the matter and issues in all respects as if he were lawfully entitled to hear the same unless this court by its writ of prohibition shall otherwise order.

Whether respondents, in denying petitioners' motion to dismiss the appeal of Salt River Valley Water Users' Association from the decision and order of the state land commissioner of Arizona, and in proceeding to hear and determine said appeal, acted or will act without or in excess of the jurisdiction, powers and authority conferred upon them by law, turns upon the meaning and effect to be given Section 11 of the Water Code of Arizona 1919, as subsequently amended.

Section 11, Chap. 164, Session Laws Arizona, 1919, commonly referred to as the Arizona Water Code, as originally enacted, read: "An *applicant* may appeal to the court hereinafter specified for re-

lief, which may modify the decisions of the Commissioner if it shall appear that he has abused the authority reposed in him by law. Such appeal shall be taken within sixty days from the date of such decision by the Commissioner and shall be perfected when the *applicant* shall have filed with the court a copy of the order appealed from, together with a petition setting forth the appellant's reason for appeal, and such appeal shall be heard and determined upon such competent proof as shall be adduced by the *applicant,* and such like proofs as shall be adduced by the commissioner." (Emphasis supplied.)

By Chapter 109, Session Laws Arizona 1927, said Section 11 was amended to read as follows: "An *applicant* may appeal to the Superior Court of any county in which any portion of said proposed work or works may be situated, which court may modify the decisions of the Commissioner if it shall appear that the Commissioner has abused the authority reposed in him by law. Such appeal shall be taken within sixty days from the date of such decision by the Commissioner and shall be perfected when the *applicant* shall have filed with the clerk of the said Superior Court a copy of the order appealed from, together with a petition or complaint setting forth the appellant's reasons for appeal, which complaint or petition together with evidence of the service of a copy thereof upon said Water Commissioner, who shall answer the same within thirty days from the date of said service, such answer to be accom-

panied by the records and files of his office in the matter on appeal, and said appellant may have summons issued for any other party in interest as in any other civil action. Such appeal shall be heard and determined de novo." (Emphasis supplied.)

It will thus be noted that the 1927 amendment made only certain procedural changes or additions and that the right of appeal to the courts from the commissioner's decision was still accorded only to the *applicant* in the proceedings before the commissioner.

By the 1928 Arizona Code, Section 3292, Section 75-113, A.C.A.1939, said Section 11 was changed and amended to read: "An applicant, *or any person whose rights are affected by the decision of the commissioner,* may appeal to the superior court of the county in which the water proposed to be diverted is situate, which court may modify the decisions of the commissioner if he has abused his authority. The appellant, within sixty [60] days from the decision by the commissioner, shall file with the clerk of the court a copy of the order appealed from, together with a petition stating the grounds of the appeal. A copy of the petition shall be served upon the commissioner, who shall answer the same within thirty days [30] from the service, and with the answer transmit to the court the records and files of his office in the matter on appeal. The appellant may have summons issued for any other party in interest. The appeal shall be determined upon the records and files of the commissioner and upon such further evi-

dence as may be adduced by the parties." (Emphasis supplied.)

It will thus be seen that under the Water Code as originally enacted only an applicant before the water commissioner had the right of appeal. This court so determined in Salt River Valley Water Users' Association v. Norviel, 29 Ariz. 360, 241 P. 503, and on rehearing in the same case, 29 Ariz. 499, 242 P. 1013. It is the position of petitioners that the added phraseology contained in the 1928 recodification purporting to allow an appeal to "any person whose rights are affected" in no wise operated to give the right of appeal to persons situated as the Salt River Valley Water Users' Association. The question to be determined here is what effect, if any, can be given to the 1928 enactment authorizing any person to appeal whose rights are affected by a decision of the commissioner. That the legislature has an unquestioned right to grant or withhold appeals is declared by this court in the case of Smith v. Trott, 36 Ariz. 166, 283 P. 726, 727: " * * * It is, of course, elementary that a right to appeal exists only for force of statute and is limited by the terms of the statute. Barth v. County of Apache, 18 Ariz. 439, 162 P. 62; Navajo-Apache, etc. Trust Co. v. Desmont, 17 Ariz. 472, 154 P. 206. And, where the right is neither given nor denied by the Constitution, it is within the discretion of the legislative authority to say in what cases and under what circumstances appeals may be taken. Hoeye v. Willis, 15 Ariz. 257, 138 P. 15."

We are aware of our duty to give effect to the amendment if possible. "It will be presumed that the legislature, in adopting the amendment, intended to make some change in the existing law, and therefore the courts will endeavor to give some effect to the amendment." 59 C.J. 1097. Speaking on the same subject, this court in the case of Biles v. Robey, 43 Ariz. 276, 30 P.2d 841, 843, said: " * * * it is the rule that when a law is amended by adding thereto, all portions of the law are to be given effect, if possible, * * *"

See, also, City of Tombstone v. Macia, 30 Ariz. 218, 245 P. 677, 46 A.L.R. 828; Rowland v. McBride, 35 Ariz. 511, 281 P. 207. This amendment gives the right of appeal to "any person whose rights are affected by the decision of the commissioner * * *." By the very wording of the proviso the right of appeal is limited to a person whose rights are affected. Were the rights of the Water Users affected by the decision of the commissioner? An examination of the Water Users' petition discloses that the right it claims in this matter is the right to the additional water applicant wishes to appropriate, which the Association alleges it has already appropriated. Without any issue being taken against the Association as to the existence of this right, but assuming for the purpose of the argument that it does exist, let us examine the question of whether the right is affected by the decision of the commissioner.

This court has passed upon this very situation in the Norviel cases, supra, and

the opinions handed down therein would seem to be controlling. In the Norviel case, at the time of the original opinion, the court discussed at length the procedure to be followed in appealing from holdings of the water commissioner. However, in order to establish clearly the application of that case, it is perhaps necessary first to consider the opinion denying a rehearing, supra. In that case, this court said: "It is easy to confuse the form of procedure provided by the Water Code where application is made for a permit to make an appropriation of water, with that provided for a determination of the relative rights of various claimants to the waters of a stream. Sections 5 to 15, inclusive, deal with the manner of appropriating water; the application before the commissioner for a permit, the rights of the permittee, the powers of the commissioner to grant the permit, and other matters all having to do with the appropriation of water or the performing of work upon dams, ditches, canals, or other distributing or controlling works. A careful study of the Code shows plainly that sections 16 to 33, inclusive, amount to what is really a separate subdivision. These actions provide for the determination of the relative rights of various claimants to the waters of a stream; * * *" and, "The powers of the commissioner under sections 16 to 33, inclusive, should not be confused with the powers of the commissioner upon an application for a permit to appropriate water or to change the point of diversion. Section 7 of the Water Code as amended by the Laws of 1921 expressly provides just what the water commissioner may do upon the application for a permit. He has authority to investigate, to determine whether in his judgment the appropriation applied for would conflict with vested rights, authority to determine whether or not he thinks the water applied for can be put to a beneficial use. He takes this up in a summary way, and if he decides to refuse the permit the applicant has a right to appeal; *but as stated in the former opinion, the commissioner in this case under the procedure adopted had no jurisdiction to settle and determine the relative rights of the appellant, and the appellee to the water of the Verde river.* The only party before the commissioner, except as a matter of courtesy, was the United Verde Copper Company, and the commissioner certainly could have no jurisdiction to determine in a summary manner the rights of two different appropriators. * * *" (Emphasis supplied.)

The decision by the commissioner in this case is upon an application under Sections 5 and 6 of the Water Code, Section 75-105, A.C.A.1939, and thus is squarely within the rule in the Norviel cases. We refer now to the opinion in the original case reported in 29 Ariz. 360, 241 P. 503, 506, in which this court said:

"Taking up the second proposition, the permit issued by the state water commission, which the appellant asks the court to cancel, was issued under the provisions of chapter 164 of the Session Laws of 1919,

as amended by chapter 64 of the Session Laws of 1921. Section 56 of this act provides:

" 'Nothing in this act contained shall impair the vested rights of any person, association or corporation to the use of water.'

"Section 1 of the act contains a clause of similar import. .

"Cases somewhat similar in their nature have been before the courts of Idaho and Utah. In the case of Lockwood v. Freeman, 15 Idaho 395, 98 P. 295, the prior appropriator, having appropriated all the waters of a stream, was held to be entitled to a permanent injunction restraining a second appropriator from using the waters of a stream. The subsequent appropriator attempted to rely upon a license issued by the state engineer. The engineer stood in the same relation to the parties litigant as does the state water commissioner in this case. The court says:

" 'The state engineer has no authority to deprive a prior appropriator of water from any streams in this state and give it to any other person. Vested rights cannot thus be taken away.' * * * "

This provision of the Code is carried forward into the 1939 Code in Section 75-138, A.C.A.1939, which remains the law to this day. This court further said in the first Norviel case: "We have the same situation here. The appellant alleges an appropriation of all the water, except in times of great floods, and sets up the issuance of

the permit. The appellee demurs to the complaint. By so doing it relies entirely upon the permit. While it is apparent that the main purpose of this complaint is the cancellation of the permit issued by the water commissioner, the complaint is sufficient in our judgment upon which to base an adjudication of the rights of appropriators in and to the waters of the Verde river as between the appellant and its shareholders and the United Verde Copper Company, and, if it be correct as alleged that the appellant and its shareholders are appropriators of all the waters of the Verde river except in times of great flood, then it is entitled to a decree so adjudicating and canceling the permit as prayed. If it be true as claimed by appellee, that this permit is for nothing more than a change in the point of diversion of a prior appropriation, then that appropriation can be fully established by a court decree and the permit can be modified. * * * "

Thus it is seen that the issue as to who is the prior appropriator is not before the commissioner and he cannot determine any such rights.

We believe that the following quotation from the Norviel case establishes beyond any doubt that the matter here raised by the Association could not be determined by the commissioner, and he had no jurisdiction to hear it; and since this appeal arises only from matters within the commissioner's jurisdiction, the matters sought to be litigated by the Association are not

within the jurisdiction of the superior court on appeal from the commissioner. We quote: "The fourth and fifth propositions deserve brief mention. The Water Code provides that the applicant for a permit to appropriate the waters of a public stream in the state of Arizona may appeal from the decision of the water commissioner to the superior court when a permit is denied. *However, no hearing is provided for when prior appropriators object to the issuance of a permit.* There is a provision in the Water Code for a hearing where the commissioner undertakes, in the manner provided therein, to make a determination of the relative rights of claimants to the waters of a stream. There is no pretense that this was the procedure here. *Under the procedure adopted in this case, the commissioner had no jurisdiction to settle and determine the relative rights of the appellant and appellee United Verde Copper Company in and to the waters of the Verde river. The appellant was before the water commissioner as a matter of courtesy.* This appearance would not give the commissioner jurisdiction either of the subject-matter or the parties for any purpose except to grant or deny the permit, and his orders can in no way interfere with vested rights. *The commissioner having no jurisdiction to hear and determine the respective rights of the parties, it follows that no decision of the commissioner could be conclusive as to the facts.*" (Emphasis supplied.)

The Salt River Valley Water Users' Association was a party before the commissioner by courtesy and cannot make itself a party to this proceeding in view of its contention. Since this appeal is from an order entered pursuant to the application under the same sections as were construed in the Norviel cases, we hold that the Norviel decisions control and that the superior court has no jurisdiction over the subject matter (determination of relative rights in and to the use of the water) or the parties.

The fact that a later amendment to the Water Code broadened the class of persons who may appeal from the decisions of the commissioner in no way alters the decisions in the Norviel cases, supra. This court in its decisions in those cases has held that a person similarly situated as the Association before the superior court has no rights that can be affected by the commissioner's decisions; that the commissioner has no jurisdiction to determine relative rights of several parties to appropriate water. We have in the pending proceeding a party, Salt River Valley Water Users' Association, asserting and claiming a right which this court has held and now holds was not affected in any way by a decision of the commissioner; and, hence, it is a right that cannot be adjudicated by a superior court in an appeal from the commissioner.

We are of the opinion that the superior court should have granted the motion to dismiss the appeal, and in not doing so has unlawfully assumed jurisdiction, and that a peremptory writ of prohibition should issue prohibiting it and the judge

thereof from proceeding any further in the purported appeal, and it is so ordered.

·  STAFFORD, C. J., and MORGAN, J., concurring.