237 P.2d 820

**COX, State Real Estate Commissioner, v. SUPERIOR COURT IN AND FOR PIMA COUNTY et al.**
No. 5533.

Supreme Court of Arizona.
Nov. 26, 1951.

Fred O. Wilson, Atty. Gen., Maurice Barth, Asst. Atty. Gen., and Knapp, Boyle, Bilby & Thompson, and Arthur Henderson, of Tucson, for petitioner.

Conner & Jones, and Warren H. Lynch, of Tucson, for respondent.

UDALL, Chief Justice.

This is an application for an original writ of prohibition directed to the Honorable Lee Garrett as judge of the superior court of Pima County, to prevent him from taking jurisdiction over a proceeding that originated before the petitioner, W. M. Cox, as state real estate commissioner.

Grantwood Cemeteries, Inc., under the provisions of section 67–1731 et seq., A.C.A.1939, The Arizona Real Estate Act, made application to the petitioner to establish a cemetery and subdivide certain land located in Pima County, Arizona. After a hearing before the petitioner, he denied its application and prohibited the sale of the property. Grantwood Cemeteries, pursuant to section 67–1739, A.C.A. 1939, gave notice of appeal from the findings and order denying their application to the superior court. The pertinent parts of this latter section reads: "The decision of the commissioner in denying, suspending

or revoking any license, or other order or decision, shall be subject to review. Any person aggrieved by the commissioner's decision may, within thirty (30) days after such decision, appeal to the superior court of the county in which the appellant resides, and such court shall, on such appeal, inquire into the cause of such denial, suspension or revocation, or other order or decision. If, in the opinion of the court, the denial, suspension or revocation of such license, or other order or decision, was made without just cause, the court may afford such relief as it may deem advisable. * * * Hearing of any such appeal shall proceed in accordance with such rules as the court may determine. The party appealing may make demand of the commissioner, in writing, for a certified transcript of all papers on file in his office affecting or relating to such decision or order and of all evidence taken at the hearing. * * *"

The primary question involved is whether the legislature can vest the superior courts with appellate jurisdiction of proceedings originating before an administrative body?

Art. 6, Sec. 6 of the Constitution of Arizona provides: " * * * Said court (superior court) shall have * * * appellate jurisdiction in cases arising in justices' and other inferior courts in their respective counties as may be prescribed by law. * * *" Petitioner contends that the legislature because of the above provision can neither expand or extend the appellate jurisdiction of the superior courts and that the rule of construction, expressio unius est exclusio alterius should be applied. He relies upon the following decisions. viz.: North Point Consol. Irr. Co. v. Utah & S. L. Canal Co., 14 Utah 155, 46 P. 824; Attorney General of Utah v. Pomeroy, 93 Utah 426, 73 P.2d 1277, 114 A.L.R. 726; Jung v. Myer, 11 N.M. 378, 68 P. 933; Lemen v. Edmunson, 202 Cal. 760, 262 P. 735; North Bend Stage Line v. Department of Public Works, 170 Wash. 215, 16 P.2d 206, and Durousseau and Others v. United States, 6 Cranch 307, 3 L.Ed. 232. Without analyzing each of them separately, and with due deference to the courts rendering them, we are of the opinion that the holdings in these cases for the most part can be readily distinguished or they are in direct conflict with prior reasoning and holdings of this court.

The respondent on the other hand relies upon previous pronouncements of this court beginning with Hoeye v. Willis, 15 Ariz. 257, 138 P. 15, 16: "The right to an appeal does not exist at common law. It has its origin in the Constitution or in the statute. When the right is neither given nor denied by the Constitution, it is then within the discretion of the legislative authority to grant it or take it away, to enlarge or circumscribe the remedy, and to say in what cases, and under what circumstances, and whence appeals may be taken. (Citing cases.)" Counsel for petitioner might be correct in branding this statement

as dicta in that case, but the same principle has been reiterated in the following cases: Smith v. Trott, 36 Ariz. 166, 283 P. 726; Beach v. Superior Court, 64 Ariz. 375, 173 P.2d 79; Him Poy Lim v. Duncan, 65 Ariz. 370, 181 P.2d 357. If any doubt remained as to this being the law in this jurisdiction it was resolved adversely to the views of the petitioner in the recent case of Earhart v. Frohmiller, 65 Ariz. 221, 178 P.2d 436, 437, wherein it was stated:

"We believe the rule of construction which requires the finding of express authorization is inappropriate when applied to the Constitution of the State of Arizona, and by the great weight of authority throughout the United States, it is not applicable to the construction of state constitutions generally. Art. 2, Sec. 33 of the Arizona Constitution states that 'The enumeration in this constitution of certain rights shall not be construed to deny others retained by the people'. Unlike the Federal Constitution, state constitutions are not grants of power, but instead are limitations thereof. The generally accepted doctrine is that except for those things necessarily inhibited by the Federal or state constitution, the state legislature may pass any act, because the whole power not prohibited by the state and Federal constitutions is retained in the people and their elected representatives in the state. (Citing cases.)

"The Constitution of Arizona is not, as is the Constitution of the United States, to be considered a grant of power or enabling act to the Legislature, but rather is a limitation upon the power of that body, and that 'The Legislature is vested with the whole of the legislative power of the state, and may deal with any subject within the scope of civil government unless it is restrained by the provisions of the Constitution, and the presumption that the Legislature is acting within the Constitution holds good until it is made to appear in what particular it is violating constitutional limitations.' (Citing cases.) 'We do not look to the (state) Constitution to determine whether the Legislature is authorized to do an act, but only to see if it is prohibited.' (Citing cases.)

"Neither is the rule of construction that expressio unius est exclusio alterius persuasive in this case. This rule is applied with greatest caution to 'provisions of constitutions relating to the legislative branch of the government, as it cannot be made to restrict the plenary power of the legislature * * *.' (Citing cases.)

"Our standard for judgment here is clear. We must find that the Act is clearly prohibited by either the Federal Constitution or the Constitution of Arizona in order to hold it invalid. And in looking to see whether it is clearly prohibited we are cognizant of the rule that all presumptions and intendments are in favor of the validity and constitutionality of legislative acts and such acts 'will be given a construction consistent with validity if at all possible.'" (Citing cases.)

Applying these legal principles to the record before us we reject as unsound the contention that the silence of the constitutional provision on the right of the legislature to authorize an appeal of this kind, is to be construed as an implied prohibition against the same. We expressly hold that unless the constitution has prohibited the legislature from enlarging the appellate jurisdiction of the superior court, it has, in exercising the sovereign power of the state, the power to enlarge but not diminish such appellate jurisdiction.

In view of the fact that the trial court is now at liberty to proceed in this matter, an expression by this court for its guidance might not be amiss. The governing appeal statute, section 67–1739, supra, has the elements of both a strict appeal and a trial de novo. Much that was said by Justice La Prade, speaking for the court in Lane v. Ferguson, 62 Ariz. 184, 156 P.2d 236 (relative to the statute governing liquor appeals), is apropos to the instant case. Both statutes are hybrids. It is unfortunate the legislature has not cured this hodge podge of confusion, by enacting a uniform administrative procedure act to govern the procedure before these tribunals and the method of appeal, as has been done by the Congress of the United States and some of our sister states. Until that is done we adhere to the view expressed in Duncan v. Mack, 59 Ariz. 36, 122 P.2d 215, that in all such cases it is to be heard in the same manner as though it were an original proceeding in the superior court unless the legislature expressly provides otherwise. This section contains no such limitation on the superior court.

The respondent's motion to dismiss the petition for a writ of prohibition is granted and the petition is ordered dismissed.

STANFORD, PHELPS, DE CONCINI and LA PRADE, JJ., concur.