## O. H. BIZZELLE v. THE STATE.

No. 19696.   Delivered May 4, 1938.

468

The opinion states the case.

*Harry Hertzberg* and *Marion R. McClanahan,* both of San Antonio, for appellant.

*Lloyd W. Davidson,* State's Attorney, of Austin, for the State.

KRUEGER, JUDGE.—The conviction is for operating a modern school of beauty culture without having the same at all times under the direct supervision of a registered hairdresser or cosmetologist. The punishment, a fine of $5.00.

This prosecution is based on Section 2 of Chapter 116, Acts of the Forty-fourth Legislature, which reads as follows: "That it shall be unlawful for any person, firm, or corporation to operate a beauty shop or beauty school within the State, unless such shop or school is at all times under the direct supervision of a registered hairdresser or cosmetologist."

The testimony shows that on the 27th day of August, 1937, and for some time prior thereto, appellant had operated a school of beauty culture in the city of San Antonio. During said time he had one, Miss Cavanaugh, a registered hairdresser, employed as supervisor and instructor at his school. On or about the 23d day of August, Miss Cavanaugh went on a visit to her sister's home and was absent from the school for several days. However, she made assignments of lessons and gave such instruction to the students as she deemed necessary to occupy them during her absence. This prosecution seems to have been initiated by a competitor of appellant, based on the absence of Miss Cavanaugh as aforesaid.

In order to determine whether or not appellant, under the facts above stated, violated the law it becomes necessary for us to construe the statute above set out, particularly the meaning of the language: "At all times under the direct supervision of a registered hairdresser or cosmetologist."

In the case of Bush v. Dist. of Columbia, 1 App. Cases, D. C., 1, it is said: "In construing a statute, its subject matter, reason and effect must all be looked to, and if its words, taken literally, bear an unreasonable signification, there may be some

deviation from the ordinary sense, unless it be plain that such signification only was intended."

SUTHERLAND, on "Statutory Construction," says: "A penal statute should receive a reasonable and common-sense construction."

Applying these rules to the language contained in the instant statute, the question presents itself: What did the Legislature intend by the language, "at all times under the direct supervision of a registered hairdresser or cosmetologist"? Did they intend that the supervisor should be personally present every day and every minute of the day? If so, it would seem that no school of its kind could operate for any length of time without transgressing the law. Circumstances would arise when the supervisor would necessarily be required to absent himself or herself for a time.

It seems to us that a strictly literal construction of the statute in question would make compliance therewith impossible and contravene the intention of the Legislature in passing it. When a literal enforcement of a statute would lead to consequences which the Legislature could not have contemplated, the courts are bound to presume that such consequences were not intended and adopt a construction which will promote the purpose for which the legislation was passed.

It is our opinion that the school was, within contemplation of the statute, under the direct supervision of Miss Cavanaugh as long as she was employed by appellant in that capacity although she was absent on a visit for a reasonable length of time. We do not wish to be understood as holding that a supervisor might be absent for an unreasonable length of time, but we do not think that three or four days would be an unreasonable time, especially in view of the preparations made by the teacher by giving assignments before leaving. The words "at all times" appearing in said statute should be given a rational construction consistent with the intent of the Legislature, just as the word "immediately" was construed by the court in the case of State v. St. Paul Trust Co., 79 N. W. 543. The statute there under consideration required the county treasurer to make the delinquent tax list on the 1st day of April and file it "immediately" with the clerk of the district court. The court construed the statute to mean that it should be done in a reasonable time; that filing on the 9th of said month was a compliance with the statute. We think that the words "at all times" was in the instant statute intended by the Legislature to mean at all reasonable times.

The judgment is reversed and the cause remanded.

The foregoing opinion of the Commission of Appeals has been examined by the Judges of the Court of Criminal Appeals and approved by the Court.