408 P.2d 228

Elizabeth A. BROWN, Marjorie Edmiston and June DeMille, as members of and constituting the Arizona State Board of Cosmetology, Appellant,

v.

Mandell B. WHITE, dba Arizona Academy of Beauty, Appellee.

No. 2 CA–CIV 107.

Court of Appeals of Arizona.

Nov. 30, 1965.

Darrell F. Smith, Atty. Gen., Sidney M. Rosen, Asst. Atty. Gen., Phoenix, for appellant.

Arthur Goldbaum, Tucson, for appellee.

MOLLOY, Judge.

This is an appeal under the administrative review act, A.R.S. § 12–901 et seq., from a decision of the Arizona State Board of Cosmetology suspending the school license of the appellee for a period of 30 days for an alleged violation of A.R.S. § 32–527, subsec. C reading as follows:

"C.  Schools having a registered student body enrollment up to twenty students shall provide one licensed instructor and for each additional twenty students enrolled, or any fraction thereof, the school shall provide one additional instructor.  Added Laws 1958, Ch. 101, § 2."

The initial appeal from the administrative ruling made was to the superior court in pursuance of A.R.S. § 12–904.  In that court a judgment was rendered holding that the order of suspension was illegal and directing that the license of the plaintiff be restored.  The Board of Cosmetology has appealed to this court from this decision.

Though the judgment of the trial court indicates that it heard evidence offered by the respective parties, there has been no transcript filed with this court.  The statement of facts set forth in appellant's brief has not been controverted by the appellee and this court will therefore consider the case as if submitted on stipulated facts. This statement of facts reads as follows:

"The Appellee is the owner and operator of a school of cosmetology known as Arizona Academy of Beauty located in Tucson, Pima County, Arizona.  The school is duly licensed by the Arizona State Board of Cosmetology, the Appellant herein.

"On August 7, 1964, the Appellant filed a complaint against the Appellee alleging that the Appellee had violated § 32–527(c) of the Arizona Revised Statutes because on July 28, 1964, the school only had two instructors on duty while having forty-three (43) students enrolled.  The hearing was held by the Board on September 11, 1964, and upon agreed admissions of fact, the Board suspended the School's license for thirty (30) days holding the suspension in abeyance pending the result of this litigation.

"The stipulated and agreed facts upon which the suspension was made are as follows:

"(A) On July 28, 1964, (the date in question) the Appellee's school had forty-three (43) students enrolled.

"(B) On July 28, 1964, the school had four (4) duly licensed instructors on its payroll.

"(C) On July 28, 1964, there were thirty-nine (39) students physically present for instruction and at such time there were two duly licensed instructors present and on duty to instruct these students."

Legislative history reveals that the subject statute is an amendment adopted in 1958 and that the analogous language in the old Act read as follows:

"C. The school shall have not less than one instructor for each twenty students or fraction thereof." (A.R.S. § 32–529)

■ It is the appellee's position that the amended Act means substantially the same as the old Act and, there being two instructors on duty on the day in question with only thirty-nine (39) students present, that patently there was no violation of the subject statute and the suspension order was therefore invalid.

■ This court has been unable to accept this contention. We believe that the carefully chosen language of the amendment has some meaning other than that contained in the old Act. Our Supreme Court has said:

"As we said in Beach v. Superior Court of Apache County, 1946, 64 Ariz. 375, 173 P.2d 79, 81, there is a duty on the courts 'to give effect' to statutory amendments since it is presumed that the legislature by amending a statute intends to make a change in existing law." Finch v. State Department of Public Welfare, 80 Ariz. 226, 229, 295 P.2d 846, 848 (1956).

Neither, however, can we accept the appellant's contention that the subject language requires the licensed instructors "provided" to be present at all times that the school is open. To adopt the appellant's contention would render the statute highly oppressive. Even if this language required an instructor to be present "at all times," unexpected, temporary, absences by reason of illness would not be a violation. Bizzelle v. State, 134 Tex.Cr.R. 467, 116 S.W.2d

385 (1938); State ex rel. Beddall v. Lonctot, 62 Wash.2d 845, 384 P.2d 877, 97 A.L.R. 2d 1201 (1963).

Moreover, the appellant's contention would make inconsistent A.R.S. § 32–551, subsec. B, par. 5, reading as follows:

"It is unlawful:

"5. To operate a cosmetology school without at all times having a licensed instruct*or* present and in charge thereof." (Emphasis added)

If it was the intent of the legislature to have one instructor present at all times for each twenty students or any fraction thereof enrolled in the school, this subparagraph would not read as it does.

■ The subject statute is included in a comprehensive act regulating cosmetology, and the entire act should be construed together. State ex rel. Church v. Arizona Corporation Commission, 94 Ariz. 107, 382 P.2d 222 (1963).

The reading of this Act disclosed that a school of cosmetology may be providing a course of not less than eighteen hundred hours to qualify students to practice cosmetology (A.R.S. § 32–522), and/or a course of at least three hundred hours to qualify to be a manicurist (A.R.S. § 32–523), and/or an instructor's course of not less than five hundred hours (A.R.S. § 32–524), and/or a course of not less than one hundred hours in finger waving (A.R.S. § 32–525). There appears to be nothing in the Act prohibiting a night school, or a combination of a day and night school.

There are several provisions in the Act designed to limit part-time instruction. A.R.S. § 32–527, subsec. A, par. 4 provides that the eighteen hundred hours of instruction in cosmetology shall be completed within not more than fifteen months. The five hundred hour instructor's course must be completed in not more than four months. A.R.S. § 32–524, subsec. A, par. 3. If an applicant should fail an instructor's examination, an additional course of three hundred hours must be completed within two months. A.R.S. § 32–524, subsec. C.

■ We believe the 1958 amendment had for its purposes the discouragement of the enrollment of part-time attending students and the employment of instructors on a part-time basis. By making the number of instructors to be provided dependent upon the students *enrolled* rather than those in attendance, the school knows in advance how many instructors it must provide, rather than this being determined by the fortuitous circumstance of the student attendance on a particular day. It would be only an instructor with no real purpose in life who would wait around each day for the call to report to work after the roll of the students had been taken.

■ . Therefore, we hold that the subject statute requires a school of cosmetology having a registered student body enrollment up to twenty students to provide on substantially a full-time basis one licensed instructor and, for each additional twenty students enrolled, or any fraction thereof, one additional instructor on substantially a full-time basis.

This interpretation leaves room for the school to arrange the classes of the students in such manner as to provide the best possible instruction, in the discretion of the school. The court sees no requirement in the subject statute that classes be limited to twenty students.

■■ With this interpretation in mind, we examine the record to ascertain whether there has been any violation of the subject statute established. We find none. The subject school had four licensed instructors on its payroll. There is no showing that there was not the equivalent of three full-time instructors provided to the enrolled student body of forty-three students. We hold that in order to establish a violation of the subject statute, so as to suspend the license of a school, the burden of proof is upon those claiming that a violation existed. There being no such showing in this case,

the judgment of the lower court setting aside the suspension order is affirmed.

HATHAWAY, J., and MARY ANNE RICHEY, Superior Court Judge, concur.

Note: Judge HERBERT F. KRUCKER having requested that he be relieved from consideration of this matter, Judge MARY ANNE RICHEY was called to sit in his stead and participate in the determination of this decision.