432 P.2d 474

In the Matter of License No. 3575 Issued to James A. CUTSHAW, M.D., for the Practice of Medicine in Arizona.

BOARD OF MEDICAL EXAMINERS of the State of Arizona, Appellant,

v.

James A. CUTSHAW, M.D., Appellee.

No. 1 CA–CIV 374.

Court of Appeals of Arizona.

Oct. 11, 1967.

Rehearing Denied Dec. 19, 1967.

Review Denied Jan. 30, 1968.

ocation of the license to practice medicine of James A. Cutshaw, M.D.

The appellee-doctor had been charged with a formal complaint filed at the instance of the Board of Medical Examiners in pursuance of A.R.S. § 32–1451, subsec. C with six counts of unprofessional conduct. Four of these charges were to the effect that the appellee had committed acts of sexual intercourse with a certain girl, then being of the age of 15 years, which conduct, if true, would constitute the crime of rape, second degree, under applicable law. A.R.S. § 13–611, subsec. B.

The appellant-board rendered a finding against the appellee-doctor on three charges of statutory rape and found in his favor on the other charges. Based upon its findings, the board entered an order revoking the appellee's license.

On appeal, there was no effort made by either party to present additional evidence on the issues in the action other than the taking of a deposition of the minor with whom the appellee-doctor was accused of having sexual relations. This witness will hereinafter be referred to as the complaining witness. Her deposition, taken upon court order, does not appear to have been formally admitted in evidence in this proceeding, but both parties assume in their briefs that this deposition, together with certain exhibits attached thereto, were properly considered by the superior court.[1]

A review of the transcript of testimony before the appellant-board establishes that the complaining witness was a girl of 15 years of age at the time of the alleged illicit acts, was a patient of the appellee-

Darrell F. Smith, Atty. Gen., Charles T. Stevens, Sp. Asst. Atty. Gen., Phoenix, for appellant.

James R. Kennish, Tucson, for appellee.

MOLLOY, Judge.

This is an appeal from the judgment of the superior court setting aside the rev-

---

1. Applicable statute appears to require that any additional evidence going to the merits be taken before the Board of Medical Examiners:

"If, before the date set for hearing, application is made to the court for leave to present additional evidence on the issues in the action, and it is shown to the satisfaction of the court that additional evidence is material and that there were good reasons for failure to present it in the proceeding before the board, the court may order that addi-

tional evidence be taken *before* the *board* upon conditions the court deems proper. The board may modify its findings and decision by reason of such additional evidence and shall file with the reviewing court, to become a part of the record, the original or a certified copy of such additional proceedings together with any modifcation or change in its findings or decision as the result thereof." (Emphasis added) A.R.S. § 32–1453, subsec. D, as amended.

doctor, and was hired by him to do housecleaning. She testified· in detail as to certain acts of sexual intercourse occurring, according to her, during the latter part of the calendar year 1963. There was no corroboration of her testimony unless the following could be so considered: (1) the complaining witness was seen by a disinterested witness doing housework in the appellee-doctor's house, (2) it was established by several witnesses that the complaining witness had numerous telephone conversations with the appellee-doctor during the period of the alleged illicit relationship. The appellee-doctor refused to testify before the board, claiming his constitutional privileges against self-incrimination.

Prior to rendering its findings against the appellee-doctor, the board had received an affidavit, signed by the complaining witness while in the office of the appellee's counsel, in which she recanted her testimony before the board. This affidavit was admitted in evidence by the board, as was also the testimony of a psychiatrist who had examined the complaining witness after she had made such affidavit.

The complaining witness's desposition indicates that, subsequent to the hearing before the board, she spent approximately three weeks with friends of the appellee-doctor, during which time she signed numerous recanting letters and one recanting affidavit. The securing of these recanting statements was one of the bases for bringing charges of contributing to the delinquency of minor, which were filed against the appellee-doctor, and which criminal action was tried at approximately the same time as this revocation of license proceeding was being reviewed in the superior court. The giving of these recanting statements was explained by the complaining witness in her deposition as being the result of sympathy for the appellee-doctor and the importuning of his friends. At the time of her deposition, the complaining witness was in the custody of the juvenile court and had been

provided through that court with her own counsel to advise her in connection with her deposition. In her deposition, the complaining witness reaffirmed her testimony before the board which resulted in the revocation of the appellee's license.

The applicable statute pertaining to procedure on an appeal from a disciplinary decision of the Board of Medical Examiners reads as follows:

"E. The review shall be conducted by the court without a jury and *shall be confined to the record, except* that the court may take testimony and receive evidence with respect to alleged irregularities *in procedure* before the board not shown in the record. The court, upon request, shall hear oral argument and receive written briefs.

"F. The court may affirm the decision of the board or remand the case for further proceedings, or it may reverse or modify the decision if the substantial rights of the petitioner have been prejudiced because that decision is contrary to law, or is without or in excess of the jurisdiction of the board, *or is arbitrary and capricious in that it is unsupported by substantial evidence.*" (Emphasis added)

A.R.S. § 32–1453, subsecs. E and F, as amended.

The only contention made on appeal as to the propriety of the order of the superior court reversing the Board of Medical Examiners is that the evidence presented to the board from the complaining witness was "neither believable nor reasonable."

The above-quoted statutory language providing for reversal or modification in the event that the finding of the board is "unsupported by substantial evidence" was adopted by the Laws of 1964, Ch. 27, after the rendition of the decision of Arizona State Board of Medical Examiners v. Clark, 97 Ariz. 205, 398 P.2d 908 (1965). The *Clark* decision construed the previous statutory language which, in comparable part,

provided for reversal or modification if the findings of the board were:

"4. Unsupported by competent, material and substantial evidence in view of the entire record as submitted." [2] A.R.S. § 32–1453, subsec. G(4).

In Arizona State Board of Medical Examiners v. Clark, our Supreme Court held the superior court was not required to uphold the medical board merely because there was *"any* evidence in the record to sustain its decision." (97 Ariz. at 209, 398 P.2d at 911.) The *Clark* decision indicates that the superior court may make an independent "evaluation of the evidence" (97 Ariz. at 212) and that this evaluation will be upheld by the Supreme Court if supported by substantial evidence. *Clark* relies heavily upon the words "in view of the entire record as submitted" in the controlling statute.

■ We believe the change in statutory language adopted by the 1964 Act to be significant. The legislature has rejected the language of both the new and old Model Act (see n. 2 supra) and the particular language of our old statute which was relied upon in the *Clark* decision. When there is this much of a difference in legislative language, we believe some effect must be given thereto. Brown v. White, 2 Ariz.App. 295, 408 P.2d 228 (1965); Trump v. Badet, 84 Ariz. 319, 327 P.2d 1001 (1958); Finch v. State Department of Public Welfare, 80 Ariz. 226, 295 P.2d 846 (1956); and Beach v. Superior Court, 64 Ariz. 375, 173 P.2d 79 (1946).

■ We hold that when there is substantial evidence supporting the findings of the Board of Medical Examiners, the court may not substitute its own judgment as to the credibility of the witnesses and, unless the testimony supportive of the adminis-

trative decision is so inherently improbable as to indicate arbitrariness and capriciousness on the part of the board, the findings of the board must be accepted by the court on the appeal. Under comparable statutes, other courts have reached similar conclusions: Board of Medical Registration & Exam. v. Armington, 242 Ind. 436, 178 N.E.2d 741, 743, 93 A.L.R.2d 1391 (1961); Symons v. National Electric Products, Inc., 201 Pa.Super. 27, 192 A.2d 897, 902 (1963).

■ We do not find here such arbitrariness or capriciousness on the part of the board as would justify judicial overturning of its evaluation of the pertinent testimony. We note in this record that on each occasion when the complaining witness was available to all parties for examination and cross-examination, she reaffirmed her damaging testimony against the appellee-doctor. The recanting statements were always given when she was in the presence of the appellee-doctor, or those sympathetic to his cause, and not in the presence of neutral persons. There is no law which holds that such extrajudicial recantations are legally destructive of testimony given during a judicial or quasi-judicial proceeding. See State v. Sims, 99 Ariz. 302, 310, 409 P.2d 17 (1965). We know of no requirement that such testimony must be corroborated. See State v. Hilliard, 89 Ariz. 129, 137, 359 P.2d 66 (1961).

The judgment of the superior court is reversed and the order of the appellant-board revoking the license of the appellee is reinstated.

HATHAWAY, C. J., and KRUCKER, J., concur.

NOTE: This cause was decided by the Judges of Division Two as authorized by A.R.S. § 12–120, subsec. E.

---

2. This statute represented the adoption in part in Arizona of the Model State Administrative Procedure Act, as it then existed, § 12(7), 9C Uniform Laws Annotated, p. 184. This section has since been amended in the Model Act to read: § 15(g)

"(5) clearly erroneous in view of the *reliable, probative,* and substantial evidence *on the whole record;* * * *." (Emphasis added)