499 P.2d 857

Ignacio John SALAZAR and Joseph Felix Francoeur, Plaintiffs and Appellants,

v.

Floyd W. McGINN, Director, Department of Registration, Business Regulation, State of Utah, Defendant and Respondent.

No. 12580.

Supreme Court of Utah.

July 17, 1972.

Galen Ross, Salt Lake City, for plaintiffs and appellants.

Vernon B. Romney, Atty. Gen., Verl R. Topham, Grant S. Kesler, Asst. Attys. Gen., Salt Lake City, for defendant and respondent.

TUCKETT, Justice:

The plaintiffs filed these proceedings in the district court appealing from a decision of the Director of the Department of Registration which suspended the licenses of the plaintiffs to engage in the trade of barbering. The appeal was taken pursuant to the provisions of Section 58–1–36, U.C.A. 1953.

The facts may be summarized as follows: Joseph Felix Francoeur was a licensed barber and the proprietor of a barber shop in Salt Lake City. Ignacio John Salazar was an apprentice barber and had been for approximately six years and was at the time we are here concerned with employed by Francoeur. On February 19, 1971, Salazar was engaged in cutting a customer's hair during a time when the licensed barber had left the shop temporarily to go to a coffee shop not far from the barber shop. The licensed barber was absent from the shop for a period of from 30 minutes to

one hour. This incident was observed by an inspector for the Department of Registration and these proceedings ensued.

■ The court is called upon to make an interpretation of the meaning of that portion of Section 58-4-11(5), U.C.A.1953, which reads as follows:

An apprentice may do any or all acts constituting the practice of barbering *only when he is under the immediate supervision of a licensed barber,* and only one apprentice barber shall be employed to each licensed barber, in any licensed shop at any one time. [Emphasis added.]

It would seem that the court should give a reasonable construction to the above language. We do not believe that the legislature intended that the phrase "immediate supervision" required that the master or licensed barber be required to remain constantly at hand while the apprentice was administering to the needs of the customers.[1] The purpose of the statutory regulation is undoubtedly aimed at protecting the members of the public who are customers of the shop and also to further the education and skill of the apprentice in the trade of barbering. We are of the opinion that the statute does not require the licensed barber to constantly look over the shoulder of the apprentice in supervising his work. One of the purposes of an apprenticeship is to teach the apprentice the trade, which necessarily entails the operation of a barber shop on his own and without supervision.

We are of the opinion that the director made an unreasonable interpretation of the language of the statute in question, and that his suspension of the licenses of the plaintiffs was arbitrary. The decision of the court below is reversed. The parties are to bear their own costs.

CALLISTER, C. J., and HENRIOD, ELLETT and CROCKETT, JJ., concur.

---

1. Bizzelle v. State, 134 Tex.Cr.R. 467, 116 S.W.2d 385; Doyle v. Board of Barber Examiners, 244 Cal.App.2d 521, 53 Cal. Rptr. 420.