

# THE ATTORNEY GENERAL
# OF TEXAS

### AUSTIN, TEXAS 78711

**JOHN L. HILL**
**ATTORNEY GENERAL**

August 12, 1974

The Honorable James D. Keister
Chairman
Texas State Board of Physical
  Therapy Examiners
3010 Brentwood
Amarillo, Texas 79106

Opinion No. H- 368

Re: Whether "direct super-
vision" as used in § 6 of
Article 4512e, V. T. C. S.,
requires physical presence
of supervising physician to
exempt therapist from
requirement of license.

Dear Chairman Keister:

You have asked us whether "direct supervision" as used in §6 of
Article 4512e, V. T. C. S. (Acts 1971, 62nd Leg., ch. 836, p. 2542) requires
the physical presence of a supervising physician in order to effect an exemp-
tion from its provisions for employees performing physical therapy
services in a licensed hospital.

Article 4512e creates the Board of Physical Therapy Examiners,
provides for the licensing of physical therapists and regulation of the
practice of physical therapy. By the express provision of §6 thereof,
the Act does not apply to certain persons, including "an employee per-
forming services under the direct supervision of a physician in a hospital
licensed under [Article 4437f, V. T. C. S., the Texas Hospital Licensing
Law]. "

Unlike a "physical therapist" [Sec 1 (b)] or a "physical therapist
assistant" [Sec. 1 (c)], a physical therapy aide need not be licensed [Sec.
7] or even have an understanding of "physical therapy."

We are of the opinion that the term "direct supervision" as used

in Sec. 6 of this statute means "on-site supervision" similar to that required in Sec. 1 (d) when applied to persons having qualifications equivalent to those of a physical therapy aide. However, when applied to persons having qualifications equivalent to those of a physical therapist asistant, it means only that the physician assumes responsibility for the care of the patient and the continuing direction and supervision of the hospital employee to whom selective forms of treatment are delegated, similar to the continuing supervision and direction indicated in Sec. 1(a). Attorney General Opinion C-795 (1966).

We do not believe, therefore, that even "on-site" supervision necessarily requires the continuous and constant physical presence of the physician during the entire therapy process. If for each occasion the responsible physician personally trains and instructs the hospital employee in the process to be employed and remains reasonably available to inspect, correct, and direct the work of the employee, we think the provision will be satisfied though the physician may not be physically present during the entire time the services are being administered. Bizzelle v. State, 116 S. W. 2d 385 (Tex. Crim. 1938); cf. Attorney General Opinion H-27 (1973).

## SUMMARY

As used in §6 of Article 4512e, V. T. C. S., an Act regulating the practice of physical therapy, the term "direct supervision" while not requiring the continuous and constant physical presence of a physician during the entire therapy process, does contemplate that the physician undertake an active and continuing overview of therapeutic activities to see that his supervision control is in fact being implemented.

Very truly yours,

JOHN L. HILL
Attorney General of Texas

APPROVED:

LARRY F. YORK, First Assistant

DAVID M. KENDALL, Chairman
Opinion Committee