613 P.2d 629

The O'MALLEY LUMBER COMPANY, dba O'Malley Building Materials, an Arizona Corporation; Roger O. Hansen, dba Rog's Electrical Service and Sandra L. Hansen, his wife, Plaintiffs-Appellees,

v.

Joe RILEY, Jr., and Ernestine Riley, his wife; John Does I–V, inclusive; Jane Does I–V, inclusive; Black Corporation I–V, inclusive; unknown heirs and devisees of each of the above named defendants, if deceased, Defendants-Appellants.

No. 1 CA–CIV 4595.

Court of Appeals of Arizona,
Division 1, Department B.

May 15, 1980.

Rehearing Denied June 6, 1980.

Review Denied June 24, 1980.

Miller, Mark & Simon, Ltd. by William J. Simon, Phoenix, for plaintiffs-appellees.

Kinney, Tipton, Ditsch & Potts by Charles A. Ditsch and C. Richard Potts, Phoenix, for defendants-appellants.

## OPINION

O'CONNOR, Judge.

At issue in this appeal is the construction of A.R.S. § 33–1002(B) as it existed in 1976 and 1977[1] which limits the recording or allowance of mechanics' liens against "the dwelling of an owner-occupant" to those persons who contracted in writing with the owner-occupant of the dwelling. Specifically, the question is whether a valid lien can be filed in a case where the existing dwelling was removed down to the concrete foundation slab prior to reconstruction of a new dwelling upon the same site and foundation.

Cross motions for summary judgment were filed. The appeal is from the granting of appellees' motion for summary judgment foreclosing appellees' liens on appellants' property and from the denial of appellants' cross motion for summary judgment. The facts are not in dispute. This court has jurisdiction of the appeal pursuant to A.R.S. § 12–2101.

Appellants, Joe Riley, Jr., and Ernestine Riley, purchased the property in 1976 with a dwelling on it. Appellants entered into an agreement with a general contractor for remodeling and alteration of the dwelling. After the work began, appellants decided that the dwelling could not be remodeled and they agreed with the contractor to completely remove the dwelling except for the concrete slab, foundation, and such plumbing as remained in the foundation. A house somewhat similar in design to the original dwelling was thereafter constructed, using the original slab and foundation as well as some new foundation. Appellees furnished labor and materials for the construction to the general contractor. Appellees had no written contract with appellants. The general contractor eventually left the job and defaulted. Appellees were not paid and filed timely notices and claims of lien.

In 1976 and 1977, A.R.S. § 33–1002(B) provided:

No lien provided for in this article shall be allowed or recorded by the person claiming a lien against the dwelling of an owner-occupant, except by a person having executed in writing a contract directly with the owner-occupant.

A.R.S. § 33–1002(A) defined "dwelling" and "owner-occupant" as follows:

1. "Dwelling" means an existing structure, with or without common walls and including an apartment in a horizontal property regime or other condominium designed for living, sleeping and household activities by not more than two families and the real property on which the structure is situated.

2. "Owner-occupant" means a natural person who:

(a) Prior to commencement of the construction, alteration, repair or improvement holds legal or equitable title to the dwelling . . ., and

(b) Lives or intends to live in the dwelling at least thirty days during the twelve-month period immediately following completion of the construction, alteration, repair or improvement.

A.R.S. § 33–1002(A) was amended significantly by Laws 1979, Ch. 202, § 4, as follows:

1. "Dwelling" means real property upon which *there has been constructed or is to be constructed* any building, structure or improvement which is designed for . . . residential purposes . . . (emphasis added)

Appellants first contend that A.R.S. § 33–1002 as it existed in 1976 and 1977 applied to the construction of new dwellings. We must determine the legislative intent as expressed by the words used in the statute. 2A Sutherland, *Statutes and Statutory Construction* § 45.05, at 16

---

1. A.R.S. § 33–1002 was originally enacted in 1973. It was amended by Laws 1976, Ch. 176, § 2, and Laws 1979, Ch. 202, § 4.

(4th ed. C.D.Sands 1973). Where the language of a statute is plain and unambiguous and conveys a clear and definite meaning, there is no necessity to resort to rules of statutory interpretation. *City of Mesa v. Killingsworth*, 96 Ariz. 290, 394 P.2d 410 (1964); *Ernst v. Collins*, 81 Ariz. 178, 302 P.2d 941 (1956). The language of A.R.S. § 33–1002(A)(1) in effect in 1976 and 1977 clearly and unambiguously applied only to existing structures. It did not extend to new construction of an entire dwelling until the 1979 amendments. *See Finch v. State Department of Public Welfare*, 80 Ariz. 226, · 295 P.2d 846 (1956); *Sterman v. Transamerica Title Insurance Co.*, 119 Ariz. 268, 580 P.2d 729 (App.1978).

Appellants also contend that inasmuch as there was an existing dwelling on their property, and the original slab, foundation, footings and underground plumbing were retained and incorporated into the reconstructed dwelling, the dwelling was at all times an "existing structure" within the definition of A.R.S. § 33–1002(A). Appellees argue that the demolition of the house down to the foundation caused it to cease to exist as a dwelling, and the subsequent construction was of an entirely new structure which was not covered by A.R.S. § 33–1002(A) as it was written in 1976.

■ Appellants have attached as an appendix to their opening brief minutes of a legislative committee hearing on the original statute which was adopted in 1973. Such minutes are entitled to consideration if properly introduced. However, the minutes were not part of the record which was presented to and considered by the trial court. Only those matters of record which were considered by the trial court may be considered by the appellate court on review. *Crook v. Anderson*, 115 Ariz. 402, 565 P.2d 908 (App.1977). Accordingly, appendix D to appellants' opening brief must be disregarded.

In *Board of Commissioners of Guadalupe County v. State*, 43 N.M. 409, 94 P.2d 515 (1939), the court stated:

> under certain circumstances an existing building may be so altered, recast or remodeled that the result will in common understanding be the erection of a new building.

*Id.* at 414, 94 P.2d at 518.

■ We hold that by any reasonable interpretation of the term "existing structure," the construction and work performed in this case was the erection of a new dwelling on the property. The provisions of A.R.S. § 33–1002 in effect in 1976 and 1977 were not applicable to the erection of a new dwelling.

Appellants have argued that a subsequent amendment of a statute which has a doubtful meaning is strong evidence of what the legislature intended in the first statute. 2A Sutherland, *Statutes and Statutory Construction* § 49.11 (4th ed. C.D. Sands 1973); *Ebasco Services Inc. v. Arizona State Tax Commission*, 105 Ariz. 94, 459 P.2d 719 (1969); *Police Pension Board of City of Phoenix v. Warren*, 97 Ariz. 180, 398 P.2d 892 (1965); *City of Mesa v. Killingsworth*, 96 Ariz. 290, 394 P.2d 410 (1964).

■ However, if the legislative amendment is made after a considerable lapse of time and constitutes a clear and distinct change of the operative language, it is an indication of an intent to change rather than clarify the previous statute. 2A Sutherland, *Statutes and Statutory Construction* § 49.11, at 266 (4th ed. C.D.Sands 1973); *In re Dilse*, 219 N.W.2d 195 (N.D.1974). *See also Finch v. State Department of Public Welfare*, 80 Ariz. 226, 295 P.2d 846 (1956); *Sterman v. Transamerica Title Insurance Co.*, 119 Ariz. 268, 580 P.2d 729 (App.1978); *Pace v. Hanson*, 6 Ariz.App. 88, 430 P.2d 434 (1967); *Brown v. White*, 2 Ariz.App. 295, 408 P.2d 228 (1965).

We hold that on the undisputed facts of this case the trial court properly granted summary judgment foreclosing appellees' liens on appellants' property, and denied appellants' cross motion for summary judgment. The judgments of the trial court are affirmed.

EUBANK, P. J., and HAIRE, J., concur.