**STATE of Minnesota, Respondent,**

v.

**Tim LINDHOLM, Appellant.**

**No. C7–96–611.**

Court of Appeals of Minnesota.

Dec. 31, 1996.

Review Denied Feb. 26, 1997.

* Retired judge of the Minnesota Court of Appeals, serving by appointment pursuant to Minn. Const.

Hubert H. Humphrey, III, Attorney General, St. Paul, for Respondent.

Rolf A. Sponheim, Assistant City Attorney, City of Minnetonka, Minnetonka, for Respondent.

Brian R. Salita, Law Office of Brian R. Salita, Edina, for Appellant.

Considered and decided by KALITOWSKI, P.J., TOUSSAINT, C.J., and FOLEY,* J.

art. VI, § 10.

## OPINION

DANIEL F. FOLEY, Judge.

Appellant Tim Lindholm contends that Minn.Stat. § 326.01, subd. 9 (1996), requiring apprentice plumbers to work under the "immediate and personal supervision" of a licensed journeyman or master plumber, does not require that the master or journeyman plumber be physically present at the job site.

## FACTS

Appellant was convicted of aiding, advising, hiring, counseling, or conspiring with another to commit plumbing without a state license in violation of Minn.Stat. §§ 326.40, subd. 1, 609.05, subd. 1, and 645.241 (1996), and assisting, authorizing, or permitting plumbing without a city license in violation of Minnetonka, Minn., Code of Ordinances §§ 415.00(1), 415.30, 1300.00(1)(a), and 1300.01(1). Although both crimes are misdemeanors, the state certified them as petty misdemeanors before trial. The court found appellant guilty and imposed fines of $50 on each count for a total fine of $100.

Appellant, doing business as Tim's Quality Plumbing, sent an employee, Gary Simmons, on a basic repair job at a Minnetonka residence. Simmons had a Master Plumbing License in Georgia, but at the time he was merely registered as an apprentice plumber with the Minnesota Department of Health. Both appellant and Simmons testified that the repair job was very easy and did not require that a supervisor be physically present. Furthermore, Simmons had a cellular telephone available for the purpose of contacting his supervisor should the need arise. A city plumbing inspector discovered Simmons working on the job after noticing sections of pipe and plumbing tools on the tailgate of a truck parked outside the residence. Although appellant was aware that Simmons was not licensed as a journeyman or master plumber in Minnesota, he claimed that Simmons was working as an apprentice under his supervision pursuant to Minn.Stat. § 326.01, subd. 9 (1996).

## ISSUE

Does "immediate and personal supervision," in the context of Minn.Stat. § 321.01, subd. 9 (1996), require that the licensed plumber supervising a plumber's apprentice be physically present at the work site?

## ANALYSIS

An appellate court must accept a trial court's findings of fact, unless they are clearly erroneous. *State v. Saffeels*, 484 N.W.2d 429, 430 (Minn.App.1992). The interpretation of a statute, however, is a question of law and subject to de novo review by an appellate court. *In re Welfare of D.D.G.*, 532 N.W.2d 279, 280–81 (Minn.App.1995).

At the time of appellant's citation, Simmons was registered as a plumber's apprentice in Minnesota. Minn.Stat. § 326.01, subd. 9 (1996), defines "plumber's apprentice" as

> any person other than a journeyman or master plumber, who, as a principal occupation, is engaged in working as an employee of a plumbing contractor under the immediate and personal supervision of either a master or journeyman plumber or plumbing contractor in learning and assisting in the installation of plumbing.

Thus, licensed apprentices may work only under the "immediate and personal supervision" of either a master or journeyman plumber. Minnesota courts have yet to define "immediate and personal supervision" in this context.

Appellant argues that the legislature's failure to include the language "on-site" in subdivision 9 indicates that the supervisor need not be physically present at the job site. Respondent, however, claims that adding "on-site" to subdivision 9 would create an unnecessary redundancy since the ordinary meaning of "immediate and personal supervision" naturally requires that the supervision be "on-site." The trial court determined that plumbing is a skill that requires direct eye contact and that the plain language of Minn. Stat. § 326.01, subd. 9, requires the immediate presence of a licensed journeyman or master plumber to oversee the apprentice's work and insure that it be done properly.

Although our review of Minn.Stat. § 326.01, subd. 9, is de novo, we agree with the reasoning of the trial court to the extent that the supervisor need be physically present at the work site. Cases in other jurisdictions, however, have interpreted clauses similar to "immediate and personal supervision" not to require the on-site presence of the supervisor. *See, e.g., Salazar v. McGinn,* 28 Utah 2d 176, 499 P.2d 857, 858 (1972) (holding that a barber's apprentice remained under the "immediate supervision" of the licensed barber when the barber had left the barber shop for a period of 30 minutes to an hour); *Bizzelle v. State,* 134 Tex.Crim. 467, 116 S.W.2d 385, 386 (1938) (holding that a beauty school teacher did not violate a statute that required her students to be "[a]t all times under [her] direct supervision" when she had been absent for four consecutive days). The reasoning behind requiring an apprentice to be supervised is not only to help in the education of the apprentice, but also to protect the public. In *Salazar* and *Bizzelle,* the courts determined that the students were learning and that the public was protected despite the temporary absence of the apprentices' supervisors. Bad plumbing, however, is much more likely to pose a public health hazard than a bad haircut. Consequently, the plain language in Minn.Stat. § 326.01, subd. 9, "immediate and personal supervision," requires the "on-site" presence of a licensed journeyman or master plumber. The supervisor may then, at his or her discretion, choose whether to visually inspect the apprentice's work.

## DECISION

The trial court properly granted respondent's motion for summary judgment because Minn.Stat. § 326.01, subd. 9 (1996), requires that the licensed plumber supervising a plumber's apprentice be physically present at the work site.

Affirmed.